**STATE ex LEICHNAM et v HOFF et**

Ohio Appeals, 1st Dist, Hamilton Co

No 6048.   Decided Nov 17, 1941

Thomas J. Herbert, Columbus; E. P. Felker, Columbus, and Edward A. Schott, Cincinnati, for appellee.
B. Wm. Heidkamp, Cincinnati, and Earl T. Wagner, Cincinnati, for appellant.

## OPINION

By ROSS, J.

Appeal on questions of law from the Court of Common Pleas of Hamilton County.

The action was instituted by the

plaintiff to recover an award of compensation under the Workmen's Compensation Act against the defendant, a non-complying employer.

The chief assignment of error is that the court charged the jury that the burden of proof was upon the defendant to sustain its claim set out in his answer, that:

(1) The decedent employee "at no time while in the employ of the defendant received any injury in the course of his employment".

(2) The decedent's death was not the result of any injury received in the course of his employment.

Sec. 1465-74 GC, furnishes the basis for the instant action. This section provides in part that when an employee has been injured during the course of and by reason of his employment by a non-complying employer, he may apply to the Industrial Commission for an award of compensation, which if made and not paid or secured by the employer, shall constitute a liquidated claim for damages which may be made the predicate for a cause of action, and that the attorney general shall forthwith institute a civil action against such employer in the name of the State for the collection of such award. It is further provided:

"In such action it shall be sufficient for plaintiff to set forth a copy of the record of proceedings of the commission relative to such claims as certified by the commission to the attorney general and to state that there is due to plaintiff on account of such finding and award of the commission a specified sum which plaintiff claims with, interest. A certified copy of such record of proceedings in such claim shall be attached to the petition and shall constitute prima facie evidence of the truth of the facts therein contained."

Now, it is the claim of the appellee-plaintiff that such provisions place the burden of proof upon the defendant to maintain the claims set forth in his answer because the statute has presented the plaintiff with a prima facie case.

Certainly, the plaintiff may not recover or be entitled to judgment unless it appear that (1) the defendant is a non-complying employer (2) that the decedent was actually an employee (3) that the defendant employer actually employed regularly three or more employees (4) that the employee was injured during the course of his employment (5) and that such injury was due to such employment (6) that such injury was the direct or contributing cause of the loss which the claimant for compensation asserts (7) that such loss, whether incapacity or death, occurred as claimed.

All of these matters appear as required in favor of the plaintiff in the copy of the record of proceedings of the Commission attached to and made a part of the petition filed by the plaintiff.

If no evidence were offered by the defendant the plaintiff would be entitled to a verdict at the hands of a jury since the statute provides that the record so filed with the petition shall present a prima facie case in favor of the plaintiff.

There is, however, nothing in the statute to indicate that the burden of proof in this "civil action" is otherwise than in any other "civil action", that is, that it rests upon the plaintiff asserting the cause of action given by the statute. There are many cases in which a statute provides that the existence or proof of one fact shall cause a prima facie presumption to exist of another fact. A certain speed of a motor vehicle causes a prima facie presumption of unreasonableness to attach against the operation of such vehicle. (Sec. 12603 GC). Proof of a death certificate produces a prima facie presumption of the cause of death certified. (Sec. 231 GC).

It certainly cannot be claimed that such factual presumptions would cause a change in the burden of proof placed upon a party in an action taking advantage of such presumption.

Our attention, however, is directed to the case of **Kennedy, Exr. v Walcutt, 118 Oh St 442,** dealing with the presumption provided for in §12083 GC, applicable to contests of a will. Reference to **§12079 GC,** shows the difference between the proceeding here involved and the contest of a will. **Sec. 12079 GC,** is as follows:

"A person interested in a will or codicil admitted to probate in the probate court, or court of common pleas on appeal, may contest its validity by a civil action in the common pleas court of the county in which such probate was had."

And **§12083 GC,** provides:

"On the trial of such issue, the order of probate shall be prima facie evidence of the due attestation, execution, and validity of the will or codicil."

It will be noted at once that the contestor is the person having the burden of setting aside the will. That the legislature for its own purposes caused the order of trial and procedure to change is beside the point. (§12085 GC). The action in a will contest is really instituted by the contestor and the burden, therefore, naturally rests upon him to invalidate the will. The same rule applies to those seeking to set aside deeds, judgments or official acts, all of which have a prima facie character of validity. Some presumptions, however, occurring within the proceeding, such as an adjudication of insanity, have no effect upon the burden of proof resting upon him who has the duty of establishing his cause of action by a preponderance of the evidence. All of this is clearly brought out in the case of **Kennedy, Exr. v Walcutt, 118 Oh St 442.** At page 453 of the opinion, the court say:

"Under the statutes and decisions of this state, the burden to show lack of testamentary capacity is upon the contestant of the will, and such burden never shifts. The entire instruction upon this subject contained in the charge does not show that the testator's capacity to make a will was taken away from him by the adjudication of insanity but simply states that the presumption of the continuation of insanity after an adjudication by a court of competent jurisdiction remains until it 'has been overcome by other evidence in the case'."

Now, in the instant case, the averments of the cause of action of the plaintiff have been previously noted. The defendant herein is not the plaintiff seeking to set aside the validity of the record and conclusions of the Commission. The legislature might well have provided that the conclusion of the Commission should have the effect of a judgment upon which execution might be levied through some Court proceeding. It would then have been necessary for the defendant to attack such judgment about which would have been thrown the cloak of validity. It is obvious that such situation is entirely different from that maintaining here.

The Court charged the jury in the instant case as follows:

"Now, the law of Ohio says in a case of this kind when a certified copy of the record and proceedings which are attached to the petition are filed they shall constitute prima facie evidence of the truth of the facts therein stated, that is to say, the finding of the Industrial Commission is evidence sufficient in law to establish the necessary facts in question unless rebutted.

"The defendant must overcome this evidence of the necessary facts by a preponderance of the evidence, and that is to say, evidence of greater weight. If the jury believe that the defendant has failed to do this or that the evidence is equally balanced then your verdict must be for the plaintiff. If, however, the defendant has proven by a preponderance of evidence that the deceased did not receive an injury not self-inflicted in the course of and arising out of his employment, or, that the death was not the result of or accelerated by an injury not self-inflicted

received in the course of and arising out of his employment then the verdict of the jury must be for defendant."

Such charge placed too heavy a burden upon the defendant and constituted error so prejudicial to the rights of the defendant as to require that the judgment of the court of common pleas be reversed and the case remanded for a new trial.

MATTHEWS, PJ. and HAMILTON, J., concur.